UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RANDY PHILLIPS, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-00539-ACA |
| Plaintiff, | |
| v. | |
| CHURCHILL CAPITAL CORPORATION IV, ATIEVA INC. d/b/a LUCID MOTORS, MICHAEL KLEIN, JAY FARAGIN, and PETER RAWLISON, | |
| Defendants. | |

**MOTION OF PARADIGM BUSINESS PARK, LLC AND SICHAO XU FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT**

# TABLE OF CONTENTS

MOTION .................................................................................................................... 1

MEMORANDUM OF LAW ......................................................................................... 2

I.      PRELIMINARY STATEMENT ..................................................................... 2

II.      STATEMENT OF FACTS ............................................................................ 3

III.      ARGUMENT ................................................................................................. 6

        A.      **PARADIGM AND XU SHOULD BE APPOINTED CO-LEAD PLAINTIFFS** ................................................................................... 6

                 i.      Paradigm and Xu Are Willing to Serve as Class Representatives ............. 6

                 ii.      Paradigm and Xu Have the "Largest Financial Interest" in the Action ...... 7

                 iii.      Paradigm and Xu Otherwise Satisfy Rule 23's Requirements ................... 8

                 iv.      Paradigm and Xu Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses .................................. 11

        B.      CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................ 12

IV.      CONCLUSION .............................................................................................. 14

CERTIFICATE OF SERVICE ................................................................................... 16

**Cases**

*Biver v. Nicholas Fin., Inc.*,
2014 U.S. Dist. LEXIS 60019 (M.D. Fla. Apr. 30, 2014) .......................................................11

*Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN,
2005 U.S. Dist. LEXIS 51106 (S.D. Fla. June 15, 2005) .........................................................9

*Chauhan v. Intercept Pharms.*,
2021 U.S. Dist. LEXIS 13369 (S.D.N.Y. Jan. 25, 2021)..........................................................12

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)......................................................................................................9

*In re Eastman Kodak Co. Sec. Litig.*,
2021 U.S. Dist. LEXIS 144350 (W.D.N.Y. Aug. 2, 2021) ....................................................11

*In re HealthSouth Corp. Securities Litigation*,
261 F.R.D. 616 (N.D. Ala. 2009)............................................................................................10

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ...............................................................................................13

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)...........................................................8

*Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS,
2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008) .......................................................10

*Mulvaney v. GEO Group, Inc.*, No. 16-cv-81494-MIDDLEBROOKS,
2016 U.S. Dist. LEXIS 193402 (S.D. Fla. Nov. 18, 2016)......................................................13

*Newman v. Eagle Bldg. Techs.*,
209 F.R.D. 499 (S.D. Fla. 2002)..............................................................................................11

*Nghiem Tran v. Erba Diagnostics, Inc.*, No. 15-cv-24440-COOKE/TORRES,
2016 U.S. Dist. LEXIS 186864 (S.D. Fla. Apr. 8, 2016) .........................................................9

*Piven v. Sykes Enters.*,
137 F. Supp. 2d 1295 (M.D. Fla. 2000) ..................................................................................10

*Plymouth County Ret. Sys. v. Carter's, Inc.*, No. 08-CV-2940-JOF,
   2009 U.S. Dist. LEXIS 20582 (N.D. Ga. Mar. 13, 2009)........................................................8

*Prado-Steiman v. Bush*,
   221 F.3d 1266 (11th Cir. 2000) .............................................................................................9

*Sheet Metal Workers Local 19 Pension Fund v. Proassurance Corp.*, No. 2:20-cv-00856-AKK,
   2020 U.S. Dist. LEXIS 256628 (N.D. Ala. Sept. 11, 2020) ........................................9, 10, 13

*Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU,
   2016 U.S. Dist. LEXIS 33637 (S.D. Fla. Mar. 16, 2016)........................................................9

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) ...........................................................................................10

## **Statutes**

15 U.S.C. § 78u-4(a) ....................................................................................................... *passim*

## **Rules**

Fed. R. Civ. P. 23 ........................................................................................................... *passim*

## MOTION

Paradigm Business Park, LLC[1] and Sichao Xu (together, "Paradigm and Xu"), by and through their counsel, hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Paradigm and Xu as Co-Lead Plaintiffs on behalf of all investors who purchased or otherwise acquired Churchill Capital Corp. IV ("CCIV" or the "Company") securities between January 11, 2021 and February 22, 2021, both dates inclusive (respectively, the "Class Period" and the "Class"); and (2) approving proposed Co-Lead Plaintiffs' selection of Labaton Sucharow LLP ("Labaton") and Pomerantz LLP ("Pomerantz") as Co-Lead Counsel, and Riley & Jackson, P.C. ("Riley & Jackson") as Liaison Counsel, for the Class.

Paradigm and Xu are aware of Section IV.B. of this Court's Sample Initial Order for Civil Cases, which specifies, in relevant part, "[b]efore filing any motion (other than a motion to remand), moving counsel shall contact the opposing counsel and determine if counsel opposes the motion. All motions shall include, in the caption under the case number, a notation that the motion is either 'Opposed' or 'Unopposed.' The first paragraph shall briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement. Failure of the parties to abide by these requirements can result in a *sua sponte* denial of the motions for failure to comply." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the above-captioned action is August 30, 2021, on which date any member of the

---

[1] Paradigm Business Park, LLC pursues claims in this litigation both on its own behalf and on behalf of R Star Manufacturing, Inc., Carolyn Golden, Ryan Golden, Paige Golden, and McKenna Golden. *See* Declaration of Robert R. Riley Jr. in Support of Motion ("Riley Decl."), Exhibit ("Ex.") A.

putative class may so move.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) & (a)(3)(B)(i).  Under these circumstances, Paradigm and Xu respectfully request that compliance with the Section IV.B. of this Court's Sample Initial Order for Civil Cases be waived in this instance.

## MEMORANDUM OF LAW

Paradigm and Xu respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3), as amended by the PSLRA, for the entry of an Order: (1) appointing Paradigm and Xu as Co-Lead Plaintiffs on behalf of the Class; and (2) approving proposed Co-Lead Plaintiffs' selection of Labaton and Pomerantz as Co-Lead Counsel, and Riley & Jackson as Liaison Counsel, for the Class.

## I.      PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  CCIV investors, including Paradigm and Xu, incurred significant losses following the disclosure of the alleged fraud, which caused CCIV's share price to fall sharply, damaging Paradigm and Xu and other CCIV investors.  *See generally* Dkt. No. 1 (the "Complaint").

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In connection with their transactions in CCIV securities during the Class Period, Paradigm and Xu incurred losses of approximately $3,174,633.  *See* Riley Decl., Ex. C. Accordingly, Paradigm and Xu believe that they have the largest financial interest in the relief sought in the Action.  Beyond their considerable financial interest, Paradigm and Xu also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, Paradigm and Xu have selected Labaton and Pomerantz as Co-Lead Counsel, and Riley & Jackson as Liaison Counsel, for the Class. Labaton and Pomerantz are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes. Riley & Jackson also has significant relevant experience in securities litigation, and its attorneys have extensive familiarity and experience with the local rules and practice norms of this Judicial District.

Accordingly, Paradigm and Xu respectfully request that the Court enter an order appointing Paradigm and Xu as Co-Lead Plaintiffs for the Class, and approving their selection of Labaton and Pomerantz as Co-Lead Counsel, and Riley & Jackson as Liaison Counsel, for the Class.

## II. STATEMENT OF FACTS

As alleged in the Complaint, CCIV is a blank check company, also known as a special purpose acquisition company ("SPAC"). A special purpose acquisition company (SPAC) is a company that you can buy stock in that doesn't have an underlying business. SPACs raise money that's then used to buy a private company, effectively taking that company public while avoiding the traditional IPO process. CCIV was formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses. CCIV is a "shell company" as defined under the Exchange Act because it has no operations and nominal assets consisting almost entirely of cash.

Lucid Motors ("Lucid") is an American automotive company specializing in electric cars. The company was founded in 2007 by CEO Peter Rawlinson ("Rawlinson"), and is based in Newark, California. As of 2020 its first car, Lucid Air, is in development.

At market close on January 8, 2021[Friday], CCIV was trading at $10.03 a share.   On January 11, 2021, Bloomberg News reported the following: "Electric vehicle maker Lucid Motors Inc. is in talks to go public through a merger with one of Michael Klein's special purpose acquisition companies, according to people familiar with the matter. A transaction could be valued at up to $15 billion, the people said, asking not to be identified because the matter is private. Lucid, which is backed by Saudi Arabia's sovereign wealth fund, is working with financial advisers, the people added. The talks are ongoing but could still fall apart. Representatives for Lucid Motors and Klein declined to comment. A former Citigroup Inc. rainmaker, Klein has two SPACs that are on the hunt for deals. Churchill Capital Corp IV -- the largest one, having raised more than $2 billion last year -- is the vehicle considering a deal with Lucid, some of the people said. Klein has played a prominent role in guiding the kingdom's investments, serving as an adviser to its Public Investment Fund. Among other deals, he advised on the Saudi Aramco initial public offering. Churchill Capital Corp IV jumped as much as 40% in New York trading Monday."   At the close of business on January 11, 2021, CCIV's share price was $13.20.

By January 22, 2021, the price per share of CCIV had risen to $22.35 due to leaks and rumors regarding a pending merger with Lucid.  Writers from various news organizations reported that a deal was near completion, and that a merger was imminent.

On February 4, 2021, Rawlinson told Forbes magazine the following: "Rawlinson wants to make at least 6,000 Airs at a new plant in Casa Grande, Arizona, this year, potentially generating $900 million of revenue. Volume could top 25,000 units in 2022 as versions of Air priced at $77,000 arrive. Further growth is expected with the 2023 introduction of an electric crossover, tentatively named Gravity, followed by even cheaper and smaller models to compete with Tesla's top-selling Model 3."   On February 4, 2021, CCIV's shares closed at $30.22.

On February 5, 2021, Rawlinson appeared on CNBC Friday morning with Jim Cramer and David Faber, sharing his thoughts on his company, plans for growth the electric vehicle market and rumors of a SPAC deal. CCIV share price closed at $34.65 after Rawlinson's comments.

On February 16, 2021, Rawlinson appeared on Fox Business News with Neil Cavuto touting that Lucid was aiming for a spring delivery of its first vehicles. In the interview no mention was made of any impediments to the stated delivery time-frame. At the end of this same day CCIV's stock price closed at $52.70 and by Thursday February 18, 2021 had reached an all-time high of $58.05.

On Monday, February 22, 2021, the long anticipated merger agreement between CCIV and Lucid was announced. CCIV's and Lucid's transaction equity value was estimated at $11.75 billion. CCIV's share price closed at $57.37.

At 6:22 p.m. that same night, Ed Ludlow of Bloomberg News reported that Rawlinson announced that production of its debut car will be delayed until at least the second half of 2021, with no definite date for set for actual delivery of an actual vehicle.

Details of the merger also disclosed that Lucid was projecting the production of only 557 vehicles in 2021, instead of the 6,000 it had been touting in the run-up to the merger announcement.

Between the January 11, 2021 Bloomberg article and the official announcement of the merger on February 22, 2021 CCIV stock rocketed from $10 to $57, or 470%.

On February 23, 2021, following the merger and never before revealed information from Rawlinson, the stock plummeted to $35.21, a 38% decline. As of April 18, 2021, CCIV was trading at $19.52 a share, a 66% decline from its February 22, 2021 high. As of the filing of the Complaint, Investor Place analyst Matt McCall said CCIV still remained overvalued after a 60% plunge.

### III.    ARGUMENT

### A.  PARADIGM AND XU SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Paradigm and Xu should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Action and otherwise satisfy the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Paradigm and Xu satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### i.  Paradigm and Xu Are Willing to Serve as Class Representatives

On May 6, 2021, counsel for the plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced

that a securities class action had been filed against CCIV and certain of its officers, and which advised investors in CCIV securities that they had until June 18, 2021 to file a motion to be appointed as Lead Plaintiff. Thereafter, on June 22, 2021, this Court issued an order directing the plaintiff in the Action to publish an amended notice on or before June 29, 2021. Dkt. No. 28. Pursuant to the Court's June 22, 2021 order, on June 29, 2021, plaintiff in the Action caused an amended notice to be published over *Business Wire*, which corrected the previously reported filing deadline and advised investors in CCIV securities that they had until August 30, 2021–*i.e.*, 60 days–to file a motion to be appointed as Lead Plaintiff (the "Amended Notice"). *See* Riley Decl., Ex. D. Paradigm and Xu have filed the instant motion pursuant to the Amended Notice, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Exs. A, B. Accordingly, Paradigm and Xu satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### ii. Paradigm and Xu Have the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Paradigm and Xu have the largest financial interest of any putative Class member seeking to serve as Lead Plaintiff. For the purposes of lead plaintiff appointment pursuant to the PSLRA, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered (the "*Lax* Factors"). No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997); *see also, e.g.*, *Plymouth County Ret. Sys. v.*

*Carter's, Inc.*, No. 08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582, at *5 (N.D. Ga. Mar. 13, 2009) (assessing financial interest with reference to the *Lax* factors).

During the Class Period, Paradigm and Xu collectively: (1) purchased 82,211 shares of CCIV common stock, 27,908 CCIV call and option contracts, and 32,116 CCIV warrants; (2) expended $22,861,582 on their purchases of CCIV securities; (3) retained 74,951 of their shares of CCIV common stock and 4,226 CCIV call and option contracts; and (4) as a result of the disclosures of the fraud, suffered losses of $3,174,633 in connection with their Class Period purchases of CCIV securities. *See* Riley Decl., Ex. C. Because Paradigm and Xu possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### iii. Paradigm and Xu Otherwise Satisfy Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at *14

(S.D. Fla. June 15, 2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001));

*see also, e.g.*, *Nghiem Tran v. Erba Diagnostics, Inc.*, No. 15-cv-24440-COOKE/TORRES, 2016

U.S. Dist. LEXIS 186864, at *3 (S.D. Fla. Apr. 8, 2016). Moreover, "[t]ypicality and adequacy

of representation are the only provisions relevant to a determination of lead plaintiff under the

PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also*

*Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637, at *18

(S.D. Fla. Mar. 16, 2016).

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's

"claims are typical of those of the proposed class because their claims arise from the same facts

and involve the same legal theories as those of other class members." *Sheet Metal Workers Local*

*19 Pension Fund v. Proassurance Corp.*, No. 2:20-cv-00856-AKK, 2020 U.S. Dist. LEXIS

256628, at *3 (N.D. Ala. Sept. 11, 2020). *See also Prado-Steiman v. Bush*, 221 F.3d 1266, 1279

n.14 (11th Cir. 2000) (typicality satisfied where class representative's claims have the "same

essential characteristics as the claims of the class at large."; *Piven v. Sykes Enters.*, 137 F. Supp.

2d 1295, 1306 (M.D. Fla. 2000) (same).

Paradigm's and Xu's claims are typical of those of the Class. Paradigm and Xu allege, as

do all Class members, that Defendants violated the federal securities laws by making untrue

statements of material fact and by omitting to state material facts necessary to make the statements

made not misleading. Paradigm and Xu, as did all Class members, purchased CCIV securities at

prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions

and were damaged upon the disclosures of those misrepresentations and/or omissions that drove

CCIV's share price downward. These shared claims, which are based on the same legal theory

and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party's "interests are aligned with the class, and they came forward with evidence that they will fairly and adequately protect the interests of the class." *Proassurance*, 2020 U.S. Dist. LEXIS 256628, at *3-4. Adequacy also requires that a class representative have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)); *see also In re HealthSouth Corp. Securities Litigation*, 261 F.R.D. 616, 627-28 (N.D. Ala. 2009).

Paradigm and Xu are adequate representatives for the Class. Paradigm and Xu have submitted signed Certifications declaring their commitment to protecting the interests of the Class. *See* Riley Decl., Exs. A, B. There is no evidence of antagonism or conflict between Paradigm's and Xu's interests and the interests of the Class, and the significant losses incurred by Paradigm and Xu demonstrate that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Paradigm is a company involved in a range of sophisticated investments, including in real estate and securities. Moreover, Paradigm and Xu have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Labaton and Pomerantz as Co-Lead Counsel, and Riley & Jackson as Liaison Counsel, to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Labaton, and Riley & Jackson, Paradigm and Xu are also represented by Bronstein, Gewirtz & Grossman, LLC and the Thornton Law Firm LLP in this litigation.

Paradigm and Xu likewise have demonstrated their adequacy because they are a small and cohesive duo of two investors who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Riley Decl., Ex. E. Further, Paradigm and Xu constitute an appropriate group of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *Biver v. Nicholas Fin., Inc.*, 2014 U.S. Dist. LEXIS 60019, at *16-17 (M.D. Fla. Apr. 30, 2014) (finding two-person investor group "satisfied the adequacy prerequisite by providing that 'the interests of the movants are clearly aligned with the members of the Class, and there is no evidence of any antagonism between [m]ovants' interests and those of the other members of the Class.'"); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 503-504 (S.D. Fla. 2002) (appointing group comprised of six investors, including four individuals). Moreover, appointment of both Paradigm and Xu as Co-Lead Plaintiffs will ensure that the interests of both common stock and options purchasers are represented in the Class's leadership. *See In re Eastman Kodak Co. Sec. Litig.*, 2021 U.S. Dist. LEXIS 144350, at *13-15 (W.D.N.Y. Aug. 2, 2021) (appointing investor duo with both long and short interests as co-lead plaintiffs and noting that "[c]ourts have rejected the argument that the use of sophisticated investment strategies disqualifies a party from serving as lead plaintiff or necessarily undermines reliance, particularly at this stage of the litigation") (quoting *Chauhan v. Intercept Pharms.*, 2021 U.S. Dist. LEXIS 13369, at *20 (S.D.N.Y. Jan. 25, 2021)).

### iv. Paradigm and Xu Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Paradigm and Xu as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiffs:

> (aa)   will not fairly and adequately protect the interests of the class; or
>
> (bb)   [are] subject to unique defenses that render such plaintiff[s] incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Paradigm and Xu to fairly and adequately represent the Class has been discussed above. Paradigm and Xu are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, Paradigm and Xu should be appointed Co-Lead Plaintiffs for the Class.

## B. CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiffs' selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Proassurance*, 2020 U.S. Dist. LEXIS 256628, at *4; *Mulvaney v. GEO Group, Inc.*, No. 16-cv-81494-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 193402, at *8 (S.D. Fla. Nov. 18, 2016); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Paradigm and Xu have selected Labaton and Pomerantz as Co-Lead Counsel for the Class. Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of

defrauded investors. Labaton served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigatio*n, No. 05-cv-3395 (N.D. Cal.). In addition, Labaton was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.). Labaton presently serves as lead and co-lead counsel in several significant investor class actions. *See* Riley Decl., Ex. F.

Likewise, Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Riley Decl., Ex. G. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id*. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

Riley & Jackson is also well-qualified to serve as Liaison Counsel for the Class in the Action. As its firm resume reflects, Riley & Jackson maintains an office in Birmingham, Alabama, and the firm specializes in securities class action matters, among other practice areas. *See* Riley Decl., Ex. H. Riley & Jackson's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the Action, Paradigm's and Xu's choice of counsel have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Action effectively and expeditiously. The Court may be assured that by approving Paradigm's and Xu's selection of Labaton and Pomerantz as Co-Lead Counsel and Riley & Jackson as Liaison Counsel, the Class members will receive the best legal representation available. Thus, Paradigm and Xu respectfully urge the Court to appoint Labaton and Pomerantz, and Riley & Jackson to serve as Co-Lead Counsel and Liaison Counsel, respectively, for the Class.

## IV.   CONCLUSION

For the foregoing reasons, Paradigm and Xu respectfully request that the Court issue an Order: (1) appointing Paradigm and Xu as Co-Lead Plaintiffs for the Class and (2) approving Co-Lead Plaintiffs' selections of Labaton and Pomerantz as Co-Lead Counsel, and Riley & Jackson as Liaison Counsel, for the Class.

Dated:  August 30, 2021                                **RILEY & JACKSON LLP**

                                                        By: */s/ Robert R. Riley Jr.*
                                                            Robert R. Riley
                                                            Keith Jackson
                                                            Jeremiah Mosley
                                                            3530 Independence Drive
                                                            Birmingham, AL 35209
                                                            Tel: (205) 879-5000

Fax: (205) 879-5901
www.rileyjacksonlaw.com

*Counsel for Paradigm and Xu and Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Francis P. McConville
(*pro hac vice* application forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: fmcconville@labaton.com

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
Thomas H. Przybylowski
(*pro hac vice* application forthcoming)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Paradigm and Xu and Proposed Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

**THORNTON LAW FIRM LLP**
Guillaume Buell
(*pro hac vice* application forthcoming)

1 Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 720-1333
Facsimile: (617) 720-2445
gbuell@tenlaw.com

*Additional Counsel for Paradigm and Xu*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Robert R. Riley Jr.*
Robert R. Riley Jr.