UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **RANDY PHILLIPS,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | Case No.: 1:21-cv-00539-ACA |
| **CHURCHILL CAPITAL** ) | |
| **CORPORATION IV, et al.,** ) | ORAL ARGUMENT |
| Defendants. ) | REQUESTED |
| ) | |
| ) | |

## RANDY PHILLIPS AND ROBIN SEECHARAN'S MEMORANDUM IN SUPPORT OF BEING SELECTED AS LEAD PLAINTIFFS

### INTRODUCTION

On April 18, 2021, Randy Phillips ["Phillips'] filed this lawsuit challenging alleged securities fraud by Churchill Capital IV ("CCIV") and Lucid Motors alleging securities fraud.  Doc. 1 Phillips in conjunction with Robin Seecharan now move to be appointed co-lead plaintiffs.

Phillips filed this lawsuit and accompanying statutorily required sworn statement detailing his CCIV transactions showing a loss of approximately

1

$750.00.  Doc. 1-1.  Seecharan now joins in the request to be lead plaintiff and files his sworn statement reflecting CCIV losses during the class period of January 11, 2021 through February 23, 2021 of approximately $340,251.37.  Attached Ex Seecharan Declaration.

    The complaint's allegations include that Lucid representatives publicized material misleading vehicle production misstatements.  In public statements, Peter Rawlinson, Lucid's Chief Executive Officer, is alleged to have touted thousands of electric cars that Lucid was going to manufacture in 2021.  When in reality, that was not happening.  The statements were made in conjunction with CCIV impending acquisition of Lucid.   Between a January 11, 2021 Bloomberg article: [https://www.bloomberg.com/news/articles/2021-01-11/lucid-motors-said-to-be-in-talks-to-list-via-michael-klein-spac](https://www.bloomberg.com/news/articles/2021-01-11/lucid-motors-said-to-be-in-talks-to-list-via-michael-klein-spac) (followed by a continued media campaign) and the official announcement of the impending merger on February 22, 2021, CCIV stock rocketed from $10 to $57, or 470%.

    On February 23, 2021, following the announcement and never before revealed information from Rawlinson that the promised thousands of LUCID Air production models would not be manufactured in 2021, the stock plummeted to $35.21, a 38% decline.  As 2021 enters the final four months, the revised number of production vehicles remain to be delivered.

## ARGUMENT

### I.     Phillips and Seecharan should be approved as Lead Plaintiffs

The selection procedure to determine lead plaintiff is controlled by the Private Securities Litigation Reform Act ["PSLRA"].  The statute provides a rebuttable presumption that the most adequate plaintiff has the largest financial stake and otherwise satisfies the requirements of Rule 23 of the Federal Rule of Civil Procedure.

In relevant part the statute provides:

**(I) In general**

Subject to sub clause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--

**(I)  In general**
Subject to sub clause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--

**(aa)** has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

**(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and

**(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)

The procedure is considered straight forward, "We start, as always, with the language of the applicable statute, in this case 15 U.S.C. § 78u-4(a). While this

section contains a number of requirements, it is neither overly complex nor ambiguous; we need be neither Talmudic scholars nor skilled in the use of Urim and Thummin to construe it. *See Wilson Arlington Co. v. Prudential Ins. Co.,* 912 F.2d 366, 371 (9th Cir.1990) ("The test for ambiguity is not complexity, but lack of clarity."). A straightforward reading of the statutory language discloses a clear path that the district court must follow in selecting the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (C.A.9 (Cal.),2002)

However, as explained in *Burke v. Ruttenberg*, 102 F.Supp.2d 1280, 1338 (N.D.Ala.,2000) containing a detailed history of the PLRSA and the competing interests involved in selecting lead plaintiff, the presumption is rebuttable. ("The presumption can be rebutted by proof offered by a class member that the presumptively most adequate plaintiff would not "fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

To date this case has generated a lot of interest from different plaintiff securities law firms around the United States. Guided by the statute's interest in awarding the lead plaintiff status to the person/institution with the biggest financial leads to a selection process that excludes the less wealthy from active participation. For example: https://www.accesswire.com/658746/Churchill-Capital-Corp-IV-

[CCIV-Class-Action-Investors-with-Losses-Exceeding-500K-Are-Encouraged-to-Contact-Bronstein-Gewirtz-Grossman-LLC-Before-August-30-2021 for clients with Churchill.](#)

Other than Gary Durrell and Stephen Stanley, Phillips and Seecharan are unsure about who else is seeking to be lead plaintiff(s).[1]

Firms are seeking clients with $500,000.00 worth of losses. While such lead plaintiff candidates may have larger financial losses than Phillips and Seecharan, there remains a rebuttable presumption that they also must satisfy Rule 23's requirements of commonality, typicality and adequacy of representation. Smaller investors such as Phillips took the initiative to contact the undersigned firm and get a case on file.

There was no race to the court house that PLSRA was designed to prevent as weeks passed not minutes from the very public February 23, 2021 price collapse until Phillips filed this action on April 18, 2021. To the extent others now file to be lead plaintiff(s), Phillips took the affirmative steps to protect the interest of the class.

While others seeking lead plaintiff status may have more substantial losses than Phillips' or Seecharan, they may not satisfy the concurrent Rule 23 requirements of typicality and commonality. With $500,000.00 minimums, other these are clearly not small investors that the established securities firms seek to

---

[1] See Doc. 25-1, Memorandum of Law in Support of Durrell and Stanley Motion to Be Lead Plaintiffs.

5

represent. Phillips and Seecharan are part of the small investors expanding role in the public market place.[2]

## II. Phillips and Seecharan's Selection of Counsel is Due to be Approved

Winston Cooks, LLC, is committed to the case and has decades of experience in federal court. Winston Cooks, LLC has been approved as class counsel in employment disputes. See *McMurry v. Formel D*, 2:19-cv-00548, *Wallace v. Sitel*, 08-1572, *Coleman v. Buffalo Rock*, 07-915 *Layton v. DHL Express Inc.*08-1542-S, *Tate v. DHL Express (USA) Inc.* 08-01935, and *Likes v. DHL Express (USA), Inc*. 08-428-AKK.

While the firm may not be a traditional plaintiff securities firm, the same Federal Rules of Civil Procedure, including Rule 23 and statutory construction apply that presents itself in all federal litigation.

Without the benefit of any discovery, this case appears to be straight forward and will be held a heightened securities fraud pleading standards. However much like rare direct evidence, Lucid's CEO appeared in the media with

---

[2] https://www.forbes.com/sites/forbesbusinesscouncil/2021/03/03/how-democratization-is-paving-a-path-of-continued-growth-in-the-stock-market/?sh=4db57335497f . See also https://robinhood.com/us/en/support/articles/our-mission/ "Robinhood's mission is to democratize finance for all. We believe that everyone should have access to the financial markets, so we've built Robinhood from the ground up to make investing friendly, approachable, and understandable for newcomers and experts alike." Within the confines of Federal Rule of Civil Procedure 23, small investors also deserve a seat at the adult table in determining the course of litigation they file.

representations that Lucid would manufacture in 2021 in excess of 6000 production cars selling at purchase prices above $77,000.00. On annualized basis that reflects revenue of $462,000,000.00 for this year. Those alleged representations drove the stock to triple in just over a month or up over 470%. See *Rollins v. TechSouth*, Inc., 833 F.2d 1525, 1528 (C.A.11 (Ala.),1987) ("It is rare that direct evidence of discrimination exists, however; consequently, plaintiffs more frequently attempt to prove their cases by presenting some form of circumstantial evidence.")

Concurrently with the stock price sky high that enabled Churchill IV insiders and Lucid owners to sell billions of dollars of stock through a Private Equity Investment In Public Equity vehicle otherwise known as the "PIPE". The Churchill insiders and Lucid owners vastly benefited by an increased PIPE price. Warrants commonly issued to Lucid owners and CCIV insiders typically are dependent on stock price.[3]

The rosy manufacturing projections led to the exploding stock price that enabled Churchill IV insiders and Lucid owners to command a hefty price

---

[3] https://media2.mofo.com/documents/faqspipes.pdf  PIPE investors are considered more sophisticated and ("….will require a discount to market on the purchase price (in order to compensate for the initial resale restrictions)". Rather than a discount Lucid owners and Churchill collected a hefty 50% premium for their PIPE. This is highly unusual. See Attached Exhibit Pipe Summary Chart.

premium for their PIPE. Out of the loop individual investors fed the alleged material misinformation about Lucid Air production numbers and subsequently purchased CCIV stock are innocent victims. When the absence of production vehicles for 2021 was disclosed, which was only after the PIPE deal closed, did the common stock price collapse.

### III.  CONCLUSION

All this to say that persons with largest financial stake in Churchill IV/Lucid litigation filing for lead plaintiff status may not satisfy Rule 23 requirements. Seecharan and Phillips request a hearing on who would be the most appropriate lead plaintiff(s). If there are multiple requests to be lead plaintiff(s) discovery within the plaintiff class may be necessary. Concerning the selection process:

> At the third stage, the process turns adversarial and other plaintiffs may present evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy. The district court may need to hold an evidentiary hearing, and to make a renewed determination **\*731** of typicality and adequacy. *See id.* at 268. *In re Cavanaugh*, 306 F.3d 726, 730–31 (C.A.9 (Cal.),2002)

**Wherefore premises considered**, Phillips and Seecharan request that following an evidentiary hearing and if deemed appropriate by this Court that they be deemed co-lead plaintiffs and Winston Cooks, LLC be appointed as class counsel.

Respectfully submitted,

/s/Lee D. Winston
/s/ Roderick T. Cooks

Attorneys for Randy Phillips and Robin Seecharan

**Of Counsel:**
Winston Cooks, LLC
505 20th Street North Suite 815
Birmingham, AL 35203
Tel: 205-482-5174 Fax: 205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

Robert L. Beeman, II
BEEMAN LAW FIRM
P.O Box 253
Helena, Alabama 35080
205.422.9015 (P) 800.693.5150 (F) rlbsportsmgnt12@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and accurate copy of the foregoing NOTICE OF COMPLIANCE to be electronically filed with the Clerk of Court for the United States District Court for the Northern District of Alabama using the CM/ECF system, which will send electronic notification of such filing to all counsel of record, including the following:

Amanda K Pooler     amanda.pooler@weil.com

Brian Marc Burnovski     brian.burnovski@davispolk.com

Daniel Jacob Schwartz     daniel.schwartz@davispolk.com

Evert J Christensen , Jr     evert.christensen@weil.com

J Randall McNeill     rmcneill@wmwfirm.com

Jamie Helen Kidd     jfrawley@wmwfirm.com

John A Neuwirth     john.neuwirth@weil.com

John N Bolus     jbolus@maynardcooper.com

Joshua S Amsel     joshua.amsel@weil.com

Patrick C Cooper     patrickccooper@yahoo.com

This the **30th** day of **August 2021.**

*/s/* Lee Winston
**OF COUNSEL**
